Nathan Brown (SBN: 033482)
Nathan.Brown@BrownPatentLaw.com
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Telephone: (602) 529-3474

Rachel E. Kaufman
rachel@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elcinda Person, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Higher Ed Growth, LLC d/b/a Inquir,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Elcinda Person ("Plaintiff" or "Person") brings this Class Action Complaint and Demand for Jury Trial against Defendant Higher Ed Growth, LLC d/b/a Inquir ("Defendant" or "Higher Ed") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls, including calls made using artificial or pre-recorded voice messages to cellular telephone numbers, without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's

conduct. Plaintiff Person, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Elcinda Person is a resident of Georgia.

2. Defendant Higher Ed Growth, LLC is a domestic limited liability company headquartered in this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in July 2021 alone, at a rate of 136.3 million calls per day. www.robocallindex.com (last visited November 4, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Higher Ed offers lead generation services to colleges.

15. Defendant Higher Ed hires third parties to use telemarketing and cold calling to solicit their products and services to potential customers across the country, including those that use pre-recorded messages.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-3-

16. In response to these calls, Plaintiff Person files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF PERSON'S ALLEGATIONS

17. Mr. Person's telephone number, (404) 338-XXXX, is registered to a cellular telephone service.

18. Mr. Person's telephone number is a residential telephone number.

19. Mr. Person's telephone number is not associated with a business.

20. Mr. Person's telephone number is for his personal use.

21. In fact, (404) 338-XXXX, is Mr. Person's only telephone number.

22. As part of its lead generation process, a representative for Higher Ed's vendor, EduFirst, contacted the Plaintiff utilizing a pre-recorded message on May 15, 2019.

23. The recorded message indicated that the caller was "Abigail with EduFirst".

24. The recorded script then played a series of other messages prior to transferring the call information to a client of Higher Ed.

25. EduFirst's representative sent this pre-recorded message pursuant to an agreement with Higher Ed to generate new business for High Ed's clients.

26. EduFirst did so using leads, like Mr. Person, that Higher Ed provided, through another vendor, to EduFirst.

27. EduFirst was authorized by HigherEd to make such calls using pre-recorded technology.

28. While the Defendant has claimed that Mr. Person visited a website that led to receiving this pre-recorded call, he did not.

29. Indeed, that website, which related to new job opportunities, did not identify Higher Ed as a potential seller of services that would be contacting the plaintiff.

30. The unauthorized solicitation telephone calls that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Person in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31. Seeking redress for these injuries, Plaintiff Person, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

32. Plaintiff Person brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent on Defendant's behalf, called on their cellular telephone number (2) using a pre-recorded voice message, (3) for whom the Defendant claims it obtained consent to call the person's number in the same manner and from the same source from which Defendant claims it obtained consent to call Plaintiff's number.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Person anticipates the need to amend the Class definitions following appropriate discovery.

34. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable,

and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant's agent placed pre-recorded voice message calls to Plaintiff Person and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent of Plaintiff Person and members of the Pre-recorded No Consent Class;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff Person will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Person has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Person and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Person nor his counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the

members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Person. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Person and the Pre-recorded No Consent Class)**

38. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. Defendant Higher Ed, through their agent, transmitted unwanted solicitation telephone calls to Plaintiff Person and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

40. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Person and the other members of the Pre-recorded No Consent Class.

41. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Person and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Person individually and on behalf of the Class, prays for the following relief:

    a.    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Person as the representative of the Class; and appointing his attorneys as Class Counsel;

    b.    An award of actual and/or statutory damages and costs;

    c.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d.    An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

    e.    Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Person requests a jury trial.

**ELCINDA PERSON**, individually and on behalf of all others similarly situated,

DATED this 10th day of November, 2021.

By: */s/ Nathan Brown*
Nathan.Brown@BrownPatentLaw.com
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Telephone: (602) 529-3474

Rachel E. Kaufman (pro hac vice motion forthcoming)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-8-